IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DARREN LEE POWELL,

                               **Plaintiff,**

        v.                                                   CASE NO. 17-3031-SAC

JACK LAURIE, et al.,

                               **Defendants.**

## MEMORANDUM AND ORDER

      Plaintiff, a prisoner now incarcerated in a Kansas correctional facility, proceeds *pro se* and *in forma pauperis* on a complaint filed under 42 U.S.C. § 1983 while he was a prisoner in the Atchison County Jail in Atchison, Kansas. Plaintiff alleges he was denied access to a law library, denied access to a publication he ordered, denied copies of legal documents, and retaliated against for filing a lawsuit and grievances.

      By an order dated September 11, 2017, the Court directed Plaintiff to show cause why the complaint should not be dismissed because Plaintiff's allegations were insufficient to state a cognizable claim upon which relief could be granted under 42 U.S.C. § 1983. Specifically, the Court found that Plaintiff's claim alleging denial of access to a book he ordered failed to state a constitutional claim because he was in fact permitted to access the book on a restricted basis that was "reasonably related to legitimate penological interests." *See Turner v. Safley*, 482 U.S. 78, 89 (1987). The Court further found that Plaintiff's allegations that he was denied access to a law

library and jail staff refused to make copies of legal documents did not make out a violation of the Constitution because he did not "demonstrate the alleged shortcomings of the legal assistance provided by the jail hindered his efforts to pursue a legal claim." *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). As for Plaintiff's claim that he has a right to privacy in his legal papers that was violated by ACJ staff when he gave them papers to copy, the Court found no constitutional violation because Plaintiff did not demonstrate a reasonable expectation of privacy in the papers. *See U.S. v. Johnson*, 584 F.3d 995, 999 (10th Cir. 2009). Finally, the Court found Plaintiff's retaliation claim failed because he did not plausibly allege a sufficiently adverse responsive action. *See Shero v. City of Grove, Okl.*, 510 F.3d 1196, 1203 (10th Cir. 2007).

When Plaintiff filed no response to the show cause order, the Court dismissed the complaint on October 10, 2017, as stating no claim for relief (ECF No. 7).

On March 7, 2018, Plaintiff filed a motion to reopen his case (ECF No. 11). Plaintiff stated that due to being released from jail and being subject to an order of protection filed by his wife, he was unable to receive mail sent to his home. Plaintiff does not state when he received the September 11, 2017, show cause order or the October 10, 2017, order dismissing his case. He further states he was returned to the Atchison County Jail on October 23, 2017, and found the same problems continued to exist so he eventually decided to try to reopen his case.

Because Plaintiff filed his motion almost five months after his case was dismissed, the Court treated it as a motion filed under Rule 60(b) of the Federal Rules of Civil Procedure, seeking relief from judgment entered in this matter on October 10, 2017. *See Weitz v. Lovelace Health System Inc.*, 214 F.3d 1175, 1178 (10th Cir. 2000). The Court deferred ruling on Plaintiff's motion but entered another order to show cause directing Plaintiff to respond to the prior show cause order by August 13, 2018.

In response to the second show cause order, Plaintiff filed an amended complaint on August 2, 2018 (ECF No. 14). The amended complaint includes the same defendants but drops the right to privacy claim. In addition, Mr. Powell adds a few more details to his factual allegations.[1]

To prevail on a request to set aside a final order or judgment and reopen a case, a plaintiff must establish one of six enumerated reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1).

"A Rule 60(b) motion provides extraordinary relief which may be granted only in exceptional circumstances." *Amoco Oil Co. v. United States Environmental Protection Agency*, 231 F. 3d 694, 697 (10th Cir. 2000).

Having reviewed the record, the Court denies Plaintiff's motion. Rule 5.1(c) of the Rules of Practice and Procedure for the District of Kansas requires that "[e]ach . . . *pro se* party must notify the clerk in writing of any change of address or telephone number. Any notice mailed to the last address of record . . . shall be sufficient notice." D. Kan. Rule 5.1(c). The Court finds Plaintiff's failure to comply with this court rule or to advise the Court he was unable to receive court mail regarding his case, and Plaintiff's slightly expanded allegations in his amended

---

[1] Most notably, Plaintiff alleges Case No. 16-CV-3251-SAC was dismissed a second time as a result of his lack of access to a law library or legal assistance. However, that case was dismissed for the same reason this case was dismissed: failure to state a claim because Plaintiff failed to respond to a show cause order. *See* ECF No. 23, Case No. 16-CV-3251-SAC. As here, Plaintiff claimed in a motion to reopen the case that he did not respond because he did not receive the show cause order in time.

complaint, provide no good cause or "exceptional circumstances" warranting relief under Rule 60(b).

**IT IS THEREFORE ORDERED** that Plaintiff's motion to reopen this matter (ECF No. 11) is **denied**.

**IT IS FURTHER ORDERED** Plaintiff's motion to appoint counsel (ECF No. 13) and motion for order (ECF No. 15) are **denied** as moot.

**IT IS SO ORDERED.**

DATED: This 5th day of October, 2018, at Topeka, Kansas.

        **s/ Sam A. Crow**
        **SAM A. CROW**
        **U.S. Senior District Judge**